## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-09-91-C |
| | ) | |
| (1) EDWARD KATSUAKI SHIGEMURA; | ) | |
| (2) JOHN E. KITCHELL; and | ) | |
| (3) JOHN HARVEY SPROUS | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant Kitchell, joined by Defendants Shigemura and Sprous, filed a motion in limine requesting that the Court exclude all evidence found in the vehicle that is unrelated to the present crime, specifically the bag containing duct tape, black leather gloves, latex gloves, a pocket knife, one pair of handcuffs, a police scanner, two black ball caps, one displaying the letters "FBI" and the other the letters "NARC." Additionally, Defendants request that the Court exclude any mention of the money found or any mention that the money was tested for drug residue.

The Government argues that such evidence is relevant to establish Defendants' knowledge of the car and motive for possessing guns. Additionally, the Government contends that such evidence does not constitute evidence of other crimes, wrongs, or acts and that it is necessary to provide the jury with the complete story behind Defendants' arrest and prosecution.

The Court finds that such evidence will not be admitted at trial. It is not relevant to the crime with which Defendants are charged, which requires that the Government prove only that "(1) The defendant was convicted of a felony; (2) Thereafter the defendant knowingly possessed a firearm; and (3) The defendant's possession of the firearm was in or affecting commerce." <u>United States v. Flower</u>, 29 F.3d 530, 534 (10th Cir. 1994). There is no need for such evidence to be admitted in order to give the jury a complete story of what occurred on February 24, 2009. Additionally, even if such evidence is relevant, its probative value is substantially outweighed by the risk of unfair prejudice and the consideration of undue delay or waste of time. <u>See</u> Fed. R. Evid. 403. Accordingly, Defendants' Motion in Limine (Dkt. No. 64) will be GRANTED.

IT IS SO ORDERED this 26th day of May, 2009.

ROBIN J. CAUTHRON
United States District Judge