IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-09-91-C |
| | ) | |
| (1) EDWARD KATSUAKI SHIGEMURA; | ) | |
| (2) JOHN E. KITCHELL; and | ) | |
| (3) JOHN HARVEY SPROUS | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants are charged with being felons in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to trial, two Grady County Detention Center inmates came forward with evidence regarding statements made to them by Defendant Sprous while incarcerated at the facility. According to these inmates, Defendant Sprous confessed to them certain details regarding the purpose of Defendants' trip through Oklahoma on February 24, 2009. Defendants Kitchell and Shigemura object to the introduction of this evidence at trial, arguing that any such confession made by Sprous is inadmissible hearsay as to them. Additionally, Defendants argue that, because Defendant Sprous will not take the stand during the trial, admitting such statements violates the Confrontation Clause with respect to Defendants Shigemura and Kitchell. Finally, Defendants argue snitch testimony is inherently unreliable. Should the Court decide that such evidence is admissible, Defendants seek to sever the trial to avoid a Bruton[*] problem.

---

[*] See Bruton v. United States, 391 U.S. 123 (1968).

The Government indicates that it does not intend to introduce such evidence during its case in chief. It contends that it will only seek to introduce these statements if Defendant Sprous takes the stand and testifies that he did not know the purpose of Defendants' trip through Oklahoma. At present, it appears that Defendant Sprous will not take the stand and testify during the trial. Accordingly, the Court finds that Defendants' Motion to Exclude "Snitch" Testimony and/or Sever Trial (Dkt. No. 98) is MOOT. Should the Government decide that it wishes to admit such evidence at trial, it will need to seek permission from the Court before doing so.

IT IS SO ORDERED this 26th day of May, 2009.

ROBIN J. CAUTHRON
United States District Judge